IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES C. BARBER,                          )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )            1:04CV00118
                                            )
TODD PINION, TERRY PEACOCK,                 )
and ROBERT NICHOLS,                         )
                                            )
                    Defendants.             )
_____)


MEMORANDUM OPINION

TILLEY, District Judge

        On February 13, 2007, the Magistrate Judge filed a Recommendation [Doc.
# 54] that Defendants' Second Motion for Summary Judgment [Doc. # 47] be
granted. On February 28, 2007, Plaintiff timely filed Objections [Doc. #56] to the
Recommendation.

        The Court has conducted a de novo review of those issues to which an
objection was made and, for the reasons set forth below, will adopt the
Recommendation of the Magistrate Judge in part.  Defendants' Second Motion for
Summary Judgment [Doc. # 47] will, therefore, be GRANTED as to the state law
claims and as to Defendants Todd Pinion and Terry Peacock and otherwise will be
DENIED.

Plaintiff Charles C. Barber, a prisoner of the State of North Carolina, alleges

violations of his rights under the Fifth, Eighth, and Fourteenth Amendments of the

U.S. Constitution due to excessive use of force and seeks relief pursuant to 42

U.S.C. § 1983.  Mr. Barber also alleges violations of state law, namely felony

assault and regulations of the North Carolina Department of Corrections concerning

use of force.  The Magistrate Judge found the following facts in the

Recommendation [Doc. # 54 at 6], which are in the light most favorable to Mr.

Barber:

> [O]n October 5, 2003, Officer Nichols told Plaintiff to tuck in his shirt,
> which he did, but Officer Nichols was not aware that the order had
> been obeyed.  Consequently, Nichols ordered Plaintiff out of a
> crowded elevator, but was not able to see Plaintiff's waist and that
> the shirt had been tucked in.  Plaintiff immediately exited the elevator
> and stood face-to-face and within three feet of Nichols.  The
> complaint relates that Officer Nichols ordered Plaintiff to back up, but
> before he could, Nichols pepper sprayed him.  Plaintiff contends he did
> not touch or threaten Nichols.  As Nichols was spraying him, Plaintiff
> asserts he yelled for Nichols not to spray him because he was
> diabetic.  As he was backing up, Nichols was approaching him,
> spraying.  Plaintiff asserts that the spraying started while he was at a
> distance of eight to ten feet away, that Officer Green observed the
> entire confrontation, and that in her disciplinary hearing statement she
> states that Plaintiff was sent to the water fountain to wash himself
> and Nichols charged him with disobeying an order.

Officer Nichols offers a different version of the facts in his affidavit [Doc. #

17]:

> Inmate Barber disobeyed the directive to be properly dressed coming

2

out of his block.  Inmate Barber continued past me and onto an elevator.  I directed Inmate Barber off the elevator.  He stated arguing with me and jumping at me, and walking towards me with his fists balled up.  I directed a nearby officer to call for help, which she did.  In the meantime, I pulled out my pepper spray canister and directed it at Inmate Barber, but he kept moving towards me, just a few feet away from me as I backed away from him, and dared me to use it.  I felt physically threatened and sprayed him in the face, as we are trained to do in such situations.  After I sprayed him, he walked to the water fountain and began washing his face.

On February 5, 2004, Mr. Barber filed a Complaint [Doc. #2.], alleging three causes of action: (1) due process violations under the Fifth and Fourteenth Amendments; (2) cruel and unusual punishment under the Eighth and Fourteenth Amendments; and (3) state law violations of felony assault and regulations of the North Carolina Department of Corrections concerning use of force.  On June 24, 2004, Defendants Superintendent Todd Pinion, Sergeant Terry Peacock, and Officer Robert Nichols (collectively, "Defendants") filed an Answer [Doc. # 14] and Motion for Summary Judgment [Doc. # 15].  Defendants' first Motion for Summary Judgment was denied[1] to allow the parties an opportunity for discovery.

The record was supplemented with affidavits from the disciplinary hearing: Inmate Jeffries stated that Officer Nichols and Mr. Barber were engaged in a regular conversation when Officer Nichols pulled out the pepper spray as Mr. Barber only stood there.  Inmate McKenny stated that he heard a "fussing" and as

---

[1]The Motion for Summary Judgment was first denied in an Order filed April 8, 2005 [Doc. # 35].  The Order was amended to make a non-substantive correction on May 4, 2005 [Doc. # 39].

3

Mr. Barber started to walk away, Officer Nichols sprayed him in the front and the back. Inmate Henry gave a similar account. Walter Harris heard Mr. Barber say: "[Y]eah, Nichols spray me, spray me. Why are you always f—ing with someone unnecessary." Harris saw Officer Nichols respond by pulling his baton, advancing toward Mr. Barber and starting to spray.

Mr. Barber's affidavit from the disciplinary hearing agrees with the allegations in his complaint. Mr. Barber states that as he was going to lunch, he was putting on his shirt. When he reached the elevator, Officer Nichols told him to step off. Mr. Barber asserts that he complied with the directive. Officer Nichols then called the sergeant and told Mr. Barber to step away. As Mr. Barber was complying, Officer Nichols began spraying him, first in the face and, as he walked away, in the back of the head.

After discovery and supplementation, Defendants filed a Second Motion for Summary Judgment on January 11, 2006 [Doc. # 47]. The Magistrate Judge recommended that the Second Motion for Summary Judgment be granted. Mr. Barber timely filed Objections to the Recommendation on February 29, 2007 [Doc. # 56] and Defendants responded on March 6, 2007 [Doc. # 57].

II.

Mr. Barber raises two objections to the Recommendation of the Magistrate Judge to grant Defendants' summary judgment motion. Both objections concern Mr. Barber's claim of excessive use of force, which is at the heart of his first and

4

second causes of action. First, Mr. Barber asserts that the Recommendation errs by resolving conflicting factual allegations against him in finding that "a reasonable officer would or could have felt threatened" by Mr. Barber's actions. [Doc. # 56 at 1, citing Doc. # 54 at 10.] This objection concerns the very nature of summary judgment–that is, issues of fact are to be decided at trial and not at the summary judgment stage of the proceedings. Second, Mr. Barber asserts that the Recommendation errs by finding that Mr. Barber did not satisfy the objective test for excessive use of force because his injury was not sufficiently serious. This objection goes to the substance of Mr. Barber's excessive use of force claim–that is, his argument that the unjustified use of pepper spray, even without lasting physical injury, is sufficient for an excessive use of force claim.

A.

Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Cox v. County of Prince William, 249 F.3d 295, 299 (4th Cir. 2001). An issue is genuine if a reasonable jury, based on the evidence, could find in favor of the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Cox, 249 F.3d at 299. There is no genuine issue of material fact if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would

5

have the burden of proof at trial. Celotex, 477 U.S. at 322-23. In essence, summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence, and the analysis concerns "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

A prisoner's claim that prison officials violated his constitutional rights through excessive use of force must satisfy both a subjective and objective test. The subjective test asks "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1993). "When evaluating evidence to determine whether it is legally sufficient to satisfy the subjective component, a court may allow an inmate's claim to go to the jury only if it concludes that the evidence, viewed in a light most favorable to the claimant, 'will support a reliable inference of wantonness in the infliction of pain.'" Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).

The objective test asks whether, in context, the prison officials' actions are "'objectively harmful enough' to offend 'contemporary standards of decency.'" Id. at 634 (quoting Hudson, 503 U.S. at 8). "[T]he factfinder must evaluate the force applied and the seriousness of the resulting injury against the need for the use of

6

force and the context in which that need arose." Id.  The objective test evaluates the injury in light of the specific circumstances surrounding the use of force, such that shooting a prisoner in the leg may be constitutional in the midst of a major prison disturbance, see Whitley, 475 U.S. 312, but blows to an inmate's head may be unconstitutional in the context of a mere verbal argument, see Hudson, 503 U.S. 1.

B.

After conducting a de novo review of the evidence in the record and applying the law concerning excessive use of force, it is determined that there is a genuine issue of material fact, namely, whether Officer Nichols' use of pepper spray on October 5, 2003, constituted excessive force.  Accepting the facts in the light most favorable to Mr. Barber,  a reasonable jury could find that Mr. Barber did not advance upon Officer Nichols, that Officer Nichols had no basis to perceive that Mr. Barber had advanced in a threatening manner, and that use of pepper spray was unnecessary in response to a threat or to keep order.   A reasonable jury could find that Mr. Nichol's decision to use pepper spray under those circumstances was a punitive measure, committed wantonly and with the desire to inflict pain, in response to Barber's verbal statement, "spray me."  As such, it would satisfy the subjective test.

Similarly, a reasonable jury could determine from the evidence submitted in supplementation that because the use of pepper spray was unnecessary and

7

because the pain inflicted was intense even though temporary, that the act offends contemporary standards of decency and, therefore, satisfies the objective test. See Treats v. Morgan, 308 F.3d 868, 874 (8th Cir. 2002) (affirming the district court's denial of summary judgment where an inmate was pepper sprayed and thrown to the ground without lasting physical injury, because the evidence showed "there was no objective need for the degree of force used or the pain inflicted, [prison officials] could not reasonably have perceived [the inmate] to be a threat to themselves or institutional security at the time, and [prison officials] failed to temper their forceful response").

Therefore, because the facts in the light most favorable to Mr. Barber are sufficient to support a claim for excessive use of force, Defendants' motion for summary judgment is DENIED as to the claim of excessive use of force.

III.

The Magistrate Judge recommended granting Defendants' summary judgment motion as to Mr. Barber's third cause of action, namely, violations of North Carolina's felony assault statute and regulations of the North Carolina Department of Correction concerning the use of force.  Mr. Barber did not object to this portion of the Recommendation.  Finding no clear error, the Court adopts the Magistrate Judge's recommendation as to the state law claims.  Therefore, summary judgment will be GRANTED in favor of the Defendants as to Plaintiff's third cause of action.

8

IV.

The Magistrate Judge recommended granting Defendants' summary judgment motion as to Defendants Todd Pinion and Terry Peacock. Mr. Barber did not object to this portion of the Recommendation. Finding no clear error, the Court adopts the Magistrate Judge's recommendation as to those defendants. Therefore, summary judgment will be GRANTED in favor of the Defendants as to Defendants Todd Pinion and Terry Peacock.

V.

Thus, for the reasons discussed above and for the reasons set out in the Recommendation, Defendants' Second Motion for Summary Judgment [Doc. # 47] is GRANTED IN PART as to the state law claims and as to Defendants Todd Pinion and Terry Peacock and otherwise is DENIED.

This the day of September 28, 2007

                                          /s/ N. Carlton Tilley, Jr.
                                          United States District Judge

9